IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLORIA ZABAK, | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | ADMIRALTY |
| | § | |
| GRAZIA, *in rem*, her engines, tackle, apparel, etc. | § § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff, Gloria Zabak ("Plaintiff" and/or "Zabak"), by and through her undersigned attorneys, and, for her Verified Original Complaint against the *Grazia, in rem*, her engines, tackle, apparel, etc. ("Vessel"), seeking enforcement of a maritime lien against the vessel and recovery of sums owed by the vessel for damages, would respectfully show:

### I. PARTIES

1.　Plaintiff Gloria Zabak, is a U.S. citizen and resident of the state of Texas.

2.　Defendant *in rem, Grazia* is an Italy-flagged chemical tanker of approximately 50,308 deadweight tons, built in 2010, LR/IMO No. 9436343, Call Sign ICMW, MMSI No. 247240100 (the "Vessel"). Plaintiff was injured on this Vessel, which is within the District or will be within the District while the action is pending.

### II. JURISDICTION

3.　The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions, Rule C.

### III.  VENUE

4. Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

### IV.  FACTS
### AND COUNT 1–NEGLIGENCE

5. At all material times hereto, the Vessel was a chemical tanker involved in the incident made the basis of this suit.

6. On or about May 26, 2017, Plaintiff was injured while making a delivery to the Vessel.  At the time of the incident, the Vessel was docked in Texas City, Texas.  Plaintiff was attempting to board the Vessel via the gangway.  At the end of the gangway, Plaintiff was required to descend a ladder in order to board the Vessel.  The ladder was not properly secured, and, while Plaintiff descended it, the ladder shifted, causing Plaintiff to fall to the ground.  As a result, Plaintiff sustained serious injuries to her head, neck, back, shoulders and other body parts.

7. The injuries suffered by Plaintiff were caused by the negligence of the Vessel, and unseaworthiness of the Vessel, in that the Vessel and her appurtenances and/or equipment were unsafe and in an unreasonable state of repair and/or the Vessel did not provide a safe means of ingress and egress to the Vessel.

### V.  DAMAGES

8. As a direct and proximate result of the Vessel's conduct, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g)

physical pain and suffering; (h) any and all other pecuniary and non-pecuniary damages to which Plaintiff may be entitled.

9. The injuries and damages sustained and incurred by Plaintiff arose on the Vessel and in her service to it, and give rise to a maritime lien in favor of Plaintiff which she hereby asserts against the Vessel, *in rem*.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that:

A. her maritime lien and claims against the Vessel be enforced and effectuated, and process and due form of law, and a warrant for arrest for the Vessel, according to the rules and practice of this Court in causes of maritime and admiralty jurisdiction, issue against the Vessel, her engines, tackle, and apparel presently located aboard said Vessel, etc., citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above;

B. this Court order and adjudge that the Vessel be condemned and sold to pay all pecuniary and non-pecuniary damages and demands, with pre-judgment interest, post-judgment interest, costs and attorneys' fees;

C. that upon final hearing of all claims, Plaintiff have and recover judgment against the Vessel in an amount equal to her pecuniary and non-pecuniary damages and demands, with pre-judgment interest, post-judgment interest, costs and attorneys' fees; and,

D. Plaintiff have and recover all such other and further relief to which she may show herself justly entitled, in law and in equity.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine
SBN 24060485 / SDTX 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656

**OF COUNSEL**:

SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile:  713-653-5656

and

Daniel P. Barton
SBN 00789774
dbarton@bartonlawgroup.com
BARTON LAW GROUP
1201 Shepherd Drive
Houston, Texas 77007
Telephone: 713-227-4747
Facsimile:  713-621-5900

**ATTORNEYS FOR PLAINTIFF**